IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN E. KENT, | ) | CASE NO. 1:12 CV 1735 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| TERRY A. TIBBALS, WARDEN, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me[1] is the petition of John E. Kent for a writ of habeas corpus under 28 U.S.C.

§ 2254.[2] Kent was convicted at a jury trial in 2007 for one count of aggravated murder (with

a firearm specification), two counts of aggravated robbery (with a firearm specification), and

one count of having a weapon while under disability.[3] He was sentenced to 33 years in

prison.[4] He is presently incarcerated at the Mansfield Correctional Institution in Mansfield,

Ohio.[5] Kent now raises five grounds for relief in a petition that the State asserts should be

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Donald C. Nugent by non-document order dated July 20, 2012.

[2] ECF # 1.

[3] ECF # 8-2 (state court record), at 1.

[4] *Id.*, at 2.

[5] Place of incarceration found at: http://www.drc.ohio.gov/OffenderSearch/details. aspx?id=A540729&pg=x.

dismissed as untimely filed.[6] Alternatively, the State raises the issue of fair presentment and failure on the merits for two of the subclaims. Kent has filed a traverse.[7]

For the reasons that follow, I will recommend that the petition be dismissed as untimely filed.

## Facts

**A     Background facts, conviction, and sentence**

The relevant background facts as determined by the state appeals court[8] are relatively straightforward. On June 9, 2006, Kent arrived at Brooke Ricci and John Gilbert's apartment to sell them cocaine.[9] After this a plan was hatched to lure Timothy Humphrey, the victim, for a drug deal and then rob him.[10] During the robbery, Kent shot Humphrey, who died of blood loss.[11] An indictment with counts of aggravated murder, aggravated robbery, and

---

[6] ECF # 8.

[7] ECF # 14.

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] ECF # 8-2, at 2.

[10] *Id.*

[11] *Id.*, at 1.

possession of a weapon under disability followed, and as noted, Kent was convicted by a jury on all counts, receiving a sentence of 33 years in prison.[12]

## B.    Direct appeal

Represented by new counsel,[13] Kent filed a timely notice of appeal in the Eighth District Court of Appeals.[14] In his brief, Kent raised four assignments of error:

1.    The trial court committed reversible error when it denied Appellant's motion to suppress statements when there is no written evidence that Appellant waived his Miranda rights prior to police interrogation.

2.    The trial court committed reversible error when it denied Appellant's motion to suppress by admitting the alleged statements of Appellant due to the fact that the alleged statements were not made voluntarily by Appellant and were in fact obtained through coercion, intimidation and threats.

3.    The State failed to present sufficient evidence to sustain a conviction against Appellant.

4.    Appellant's convictions are against the manifest weight of the evidence.[15]

_____

[12] *Id.*, at 2.

[13] At trial, Kent was represented by Donald C. Williams. For his appeal, Kent was represented by Thomas Rein. ECF # 8-2, at 27, 29.

[14] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of the entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden North Cent. Corr. Inst.*, 377 F. App'x 448, 450 (6th Cir. 2010). Kent was sentenced on November 30, 2007 (date of journalization), and the appeal was filed December 18, 2007. ECF # 8-2, at 27-28.

[15] ECF # 8-2, at 35.

The State filed a response on July 9, 2008.[16] On August 6, 2009 (journalized August 17, 2009), the Eighth District Court of Appeals affirmed the conviction.[17]

## C.    Ohio Supreme Court

Represented by new counsel,[18] Kent filed a timely notice of appeal on October 1, 2009, in the Ohio Supreme Court.[19] In his jurisdiction memorandum, Kent raised the following seven propositions of law:

I.     Appellate counsel was ineffective under the Sixth and Fourteenth Amendments of the federal Constitution for failure to raise ineffective assistance of trial counsel for failure to object to incomplete and inaccurate jury instructions on accomplice liability in accordance with Ohio law.

II.    Appellate counsel was ineffective under the Sixth and Fourteenth Amendments of the federal Constitution when he failed to raise constitutional ineffectiveness on trial counsel for failure to object to improper jury instructions concerning the charge of Aggravated Murder and the proper verdict if State failed to prove "all" elements of Aggravated Murder.

III.   Appellate counsel was constitutionally ineffective when he failed to raise the issue of a defective indictment and jury instruction because the indictment and jury instructions failed to include the mens rea element necessary for Aggravated Robbery in counts one, two and three. Sixth and Fourteenth Amendments of the federal Constitution.

---

[16] *Id.*, at 79.

[17] *Id.*, at 99.

[18] Kent was represented by John Parker in his appeal to the Ohio Supreme Court. *Id.*, at 115.

[19] *Id.*

-4-

IV.     Appellate counsel was constitutionally ineffective under the Sixth and Fourteenth Amendments of the federal Constitution when he failed to raise the cumulative effect of the errors contained in propositions of law I, II and III and their cumulative effect on the fundamental fairness of the trial received by the appellant.

V.      A motion to suppress statements given to police must be granted where the police do not provide Miranda warnings prior to interrogation and do not obtain a written waiver of Miranda rights. Fifth, Sixth and Fourteenth Amendments of the federal Constitution.

VI.     Statements to the police are not freely and voluntarily made when the detective intimidates and threatens a suspect with the death penalty if he does not cooperate. Such statements are taken in violation of the Fifth, Sixth and Fourteenth Amendments.

VII.    There was insufficient evidence to convict the appellant of Aggravated Murder and Aggravated Robbery in violation of the Fourteenth Amendment of the federal Constitution.[20]

The State filed a waiver of memorandum in response on October 8, 2009.[21]

On December 2, 2009, the Ohio Supreme Court declined jurisdiction to hear the appeal because it did not involve any substantial constitutional question.[22]

## D.      Appellate Rule 26 (B) application to reopen appeal

On November 12, 2009, about three months after filing a jurisdiction memorandum on direct appeal in the Ohio Supreme Court, while that direct appeal was still pending, Kent filed an application to reopen his direct appeal pursuant to Appellate Rule 26 (B), raising the following five assignments of error:

---

[20] *Id.*, at 121-22.

[21] *Id.*, at 116.

[22] *Id.*, at 150.

1.     Appellate counsel was ineffective under the Sixth and Fourteenth Amendments of the federal Constitution for failure to raise ineffective assistance of trial counsel for failure to object to incomplete and inaccurate jury instructions on accomplice liability in accordance with Ohio law.[23]

2.     Appellate counsel was ineffective under the Sixth and Fourteenth Amendments of the federal constitution when he failed to raise constitutional ineffectiveness on trial counsel for failure to object to improper jury instructions concerning the charge of Aggravated Murder and the proper verdict if State failed to prove "all" the elements of Aggravated Murder.[24]

3.     Appellate counsel was constitutionally ineffective when he failed to raise the issue of a defective indictment and jury instructions because the indictment and jury instructions failed to include the mens rea element necessary for Aggravated Robbery in counts one, two and three. Sixth and Fourteenth Amendments of the federal Constitution.[25]

4.     Appellate counsel was constitutionally ineffective under the Sixth and Fourteenth Amendments of the federal Constitution when he failed to raise the cumulative effect of the errors contained in propositions of law I, II, and III and their cumulative effect on the fundamental fairness of the trial received by the appellant.[26]

5.     The trial court abused its discretion in failing to waive or suspend court costs even though trial counsel moved for such waiver and when the trial court suspended court costs for the co-defendant and appellate counsel was ineffective for failing to raise such issue on appeal.[27]

---

[23] *Id.*, at 154.

[24] *Id.*, at 156.

[25] *Id.*, at 157.

[26] *Id.*, at 158.

[27] *Id.*, at 159.

The State responded to Kent's application to reopen.[28] The court granted Kent a limited reopening of his appeal, but only for the third assignment of error.[29] Kent's appellant brief thus asserted the allowed assignment of error:

> Counsel was constitutionally ineffective when he failed to raise the issue of defective indictment and jury instructions because the indictment and jury instructions failed to include the mens rea element necessary for Aggravated Robbery under R.C. 2911.02(A)(3) and plain error occurred under Crim. R. 52.[30]

The State filed a brief in response.[31]

On September 16, 2010, the state court of appeals overruled Kent's assignment of error and affirmed the judgment of the conviction.[32]

Kent, through counsel, then filed a timely notice of appeal from the September 16, 2010, judgment on November 1, 2010, in the Ohio Supreme Court.[33] In his jurisdiction memorandum, Kent asserted the following four propositions of law for review:

> 1.    Appellate counsel was ineffective under the Sixth and Fourteenth Amendments of the federal Constitution for failure to raise ineffective assistance of trial counsel for failure to object to incomplete and inaccurate jury instructions on accomplice liability in accordance with Ohio law.

---

[28] *Id.*, at 191.

[29] ECF # 8-3 (state court record exhibits 17-37), at 213-14.

[30] *Id.*, at 218.

[31] *Id.*, at 223.

[32] *Id.*, at 237.

[33] *Id.*, at 241.

2.     Appellate counsel was ineffective under the Sixth and Fourteenth Amendments of the federal Constitution when he failed to raise constitutional ineffectiveness on trial counsel for failure to object to improper jury instructions concerning the charge of Aggravated Murder and the proper verdict if State failed to prove "all" the elements of Aggravated Murder.

3.     Appellate counsel was constitutionally ineffective when he failed to raise the issue of a defective indictment and jury instructions because the indictment and jury instructions failed to include the mens rea element necessary for Aggravated Robbery in counts one, two, and three. Sixth and Fourteenth Amendments of the federal Constitution

4.     Appellate counsel was constitutionally ineffective under the Sixth and Fourteenth Amendments of the federal Constitution when he failed to raise the cumulative effect of the errors contained in propositions of law I, II, and III and their cumulative effect on the fundamental fairness of the trial received by the appellant.[34]

The State did not respond. On February 2, 2011, the Ohio Supreme Court declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question.[35]

**E.**     **Petition for postconviction relief**

While Kent's direct appeal whs pending in the Eighth District Court of Appeals, on July 24, 2008, Kent, through counsel, filed a petition in the trial court for postconviction relief pursuant to Ohio Revised Code § 2953.21.[36] The petition asked the court to void his judgment and sentence, urged the court to grant him a new trial, or at minimum discovery

---

[34] *Id.*, at 248.

[35] *Id.*, at 281.

[36] *Id.*, at 282.

and an evidentiary hearing.[37] Then Kent filed a motion for summary judgment[38] and a motion for default judgment asserting that the State failed to answer his petition for postconviction relief.[39] On December 11, 2008, the State filed a cross motion for summary judgment.[40]

On June 26, 2009, the trial court issued findings of fact and conclusions of law and denied Kent's petition for postconviction relief on a finding that Kent's claims were either not substantial, were barred by *res judicata*, or otherwise were not properly before it.[41] The trial court then overruled the postconviction petition on December 24, 2009.[42] On January 22, 2010, Kent, through counsel, filed a timely notice of appeal from the trial court's denial of his postconviction relief.[43]

In his appellate brief, filed on May 17, 2010, Kent asserted the following four assignments of error:

    1.    The doctrine of res judicata does not bar the appellant's claims and the lower court's finding of res judicata is not supported by the record and violates the 14th Amendment of the federal Constitution.

---

[37] *Id.*, at 284-285.

[38] *Id.*, at 305.

[39] *Id.*, at 309.

[40] *Id.*, at 311.

[41] *Id.*, at 334.

[42] *Id.*, at 335.

[43] *Id.*

2.      An evidentiary hearing should have been conducted since the Appellant supported his petition with an affidavit with evidence dehors the record that supported the relief he sought and the failure to conduct such hearing violated R.C. 2953.21 and the Fourteenth Amendment of the federal Constitution.

3.      A court must allow appellant to conduct discovery in post conviction and the failure to adopt the federal standard for when discovery takes place violates the Fourteenth Amendment of the federal Constitution and Ohio law.

4.      The trial court erred in denying the claim that trial counsel was ineffective for failure to properly investigate the alibi claim before presenting it in violation of the Sixth and Fourteenth Amendments of the federal constitution.[44]

The State filed an appellee brief on June 3, 2010.[45]

On December 23, 2010, the Eighth District Court of Appeals affirmed the trial court's judgment denying the postconviction relief, because the claims were barred by *res judicata*.[46]

Kent, through counsel, filed a timely notice of appeal.[47] In his jurisdiction memorandum Kent essentially repeated his four assignments of error from the underlying appeal as propositions of law.[48] In response, the State filed a waiver of memorandum.[49]

---

[44] *Id.*, at 337.

[45] *Id.*, at 349.

[46] *Id.*, at 378, 382.

[47] *Id.*, at 383.

[48] *Id.*, at 387.

[49] *Id.*, at 414.

-10-

On April 6, 2011, the Ohio Supreme Court declined jurisdiction to hear the case as

not involving any substantial constitutional question.[50] There was no appeal to that judgment.

## F.     Federal habeas corpus

Kent, through new counsel,[51] filed the instant federal habeas petition on July 5, 2012.

His grounds for relief are as follows:

> **Ground One:**
> **Supporting Facts:** Trial counsel was ineffective in: failing to object to:
> incomplete, inaccurate accomplice-liability instructions, improper instructions
> on the proper verdict on the aggravated murder count should the state have
> failed to prove all the elements, failing to challenge the omission of the mens
> rea element in the indictment and instructions for aggravated robbery.
>
> **Ground Two:**
> **Supporting Facts:** Ineffective assistance of appellate counsel for failing to
> raise trial counsel's ineffectiveness stated in Ground One.
>
> **Ground Three:**
> **Supporting Facts**: Petitioner's 5th, 6th, and 14th Amendment rights were
> violated by the admission of statements he made without first being properly
> *Mirandized*. Similarly, the court improperly admitted Petitioner's involuntary
> statements, which were coerced improperly.
>
> **Ground Four:**
> **Supporting Facts:** The Ohio courts' application of the doctrine of res judicata,
> combined with the trial court's failure to conduct a hearing on Petitioner's
> postconviction petition or to allow discovery combined to deprived [sic]
> Petitioner of adequate process to present his federal claims regarding trial
> counsel's ineffectiveness in failing to competently and fully investigate and
> prepare the alib [sic] defense, in light of the phone records – which the state
> used to destroy Petitioner's and counsel's credibility before the jury.

---

[50] *Id.*, at 415.

[51] Kent was now represented by the Cuyahoga County Public Defender's Office,
Assistant Public Defender Kenneth R. Spiert. ECF # 1.

**Ground Five:**
**Supporting Facts:** Trial counsel was ineffective in failing to competently and fully investigate and prepare the alibi defense, in light of the phone records – which the state used to destroy Petitioner's and counsel's credibility before the jury.

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Kent is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Kent meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.

2.    There is a dispute, as detailed earlier, as to whether this petition was timely filed under the applicable statute.

3.    My own review of the docket in this Court confirms that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[52]

4.    Moreover, there is a claim by the State that ground one has not been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[53]

---

[52] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[53] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

-12-

5.      Finally, because Kent was represented by Public Defender Kenneth R. Spiert when filing this petition, he did not request counsel.[54]

**B.      Standard of review – timeliness, tolling and equitable tolling**

Under the AEDPA, a one-year statute of limitations applies to all applications for a writ of habeas corpus.[55]

This statute of limitations begins to run from the latest of the following occurrences: (a) the date on which the judgment became final, *i.e.*, at the conclusion of direct review or when the time for seeking direct review has expired; (b) the date on which any impediment to filing was removed by the state; (c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; and (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[56]

In addition, the statute further provides that the limitations period shall not run during the pendency of "a properly filed application for State post-conviction or other collateral review."[57] The United States Supreme Court has held that because time limitations on postconviction petitions are conditions to filing, an untimely filed state postconviction

---

[54] Spiert helped enter the petition solely for the purpose of the timely filing, but a conflict prevents him from further representing him. That office states that it is in the process of procuring conflict-free counsel to assist petitioner further. ECF # 1 at 13.

[55] 28 U.S.C. § 2254(d)(1).

[56] 28 U.S.C. §§ 2244(d)(1)(A)-(D).

[57] 28 U.S.C. § 2244(d)(2).

-13-

petition, as that time is adjudicated by the state court, is not "properly filed" under the terms of the limitations statute and not entitled to the statutory tolling of § 2244(d)(2).[58]

But, if statutory tolling is not available, the Supreme Court has concluded that the time requirement of "§ 2244(d) is subject to equitable tolling."[59] In that regard, the Supreme Court teaches that "a habeas petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[60] It is the petitioner that has the burden of persuading the court that he is entitled to equitable tolling.[61]

## C.    Application of standard – Equitable tolling should not apply here and, thus, Kent's habeas should be dismissed as untimely.

The Ohio Supreme Court refused to accept Kent's direct appeal on December 2, 2009.[62] Ordinarily the statute of limitations would have commenced to run on March 2, 2010, when the period for seeking a Writ of Certiorari from the United States Supreme Court expired. However, the one-year habeas period was statutorily tolled[63] while the postconviction relief proceedings (which were filed during the direct appeal process in the

---

[58] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[59] *Holland v. Florida*, 560 U.S.631, 648 (2010).

[60] *Id.* at 649 (quoting *Pace*, 544 U.S. at 418).

[61] *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

[62] ECF # 8-2, at 150.

[63] 28 U.S.C. § 2244(d)(2).

-14-

state appeals court), and its appeals, collateral proceedings and all, were pending. The postconviction relief appeals concluded on April 6, 2011, when the Ohio Supreme Court denied leave to appeal.[64] The one-year statute of limitations period began running the following day, on April 7, 2011, and concluded one-year later, on April 7, 2012. The habeas petition here was not filed until three months later, on July 5, 2012.[65] The petition is, therefore, untimely and so cannot be considered absent some form of tolling.

The Supreme Court has now definitively held that equitable tolling is available to habeas petitioners.[66] In so holding, the *Holland v. Florida* Court re-emphasized its teaching in *Pace v. DiGuglielmo*[67] that "'a petitioner' is entitled to 'equitable tolling' only if he shows '(1) that he has been pursuing his rights vigilantly, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[68]

In this case, Kent argues that he was both diligent and there were "extraordinary circumstances." In May 2011 Kent sent a letter to the Officer of the Ohio Public Defender requesting assistance in filing his habeas corpus petition. He did stress that "the clock is ticking." The letter was received on May 9, 2011. The file contained a note indicating the

---

[64] ECF # 8-3, at 415.

[65] ECF # 1.

[66] *Holland*, 560 U.S. at 645.

[67] *Pace*, 544 U.S. 408.

[68] *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418).

deadline was April 20, 2012, and it was assigned to Assistant Public Defender Kenneth R. Spiert. Spiert did not act on Kent's case until July 5, 2012.

The diligence required for equitable tolling purposes is "reasonable diligence,"[69] not "maximum feasible diligence."[70] In *Holland*, the inmate not only wrote his attorney numerous letters, he also repeatedly contacted the state courts in an effort to have his attorney removed from his case.[71] In this case, the only effort shown by Kent was his one original letter. For one year and two months after he sent it, he made no additional inquiries. As such, this does not meet the "reasonable diligence" standard.

Furthermore, Kent also cannot show "extraordinary" circumstances. A habeas petitioner has no constitutional right to counsel in his habeas proceeding.[72] *Coleman v. Thompson* made very clear that there is no constitutional right to an attorney in state postconviction proceedings,[73] and, consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.[74] Kent argues that it was his attorney's

---

[69] *Id.* at 653 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)).

[70] *Id.* (quoting *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008) (quoting *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004)).

[71] *Holland*, 560 U.S. at 653.

[72] *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991).

[73] *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Murray v. Giarratano*, 492 U.S. 1, (1989) (applying the rule to capital cases).

[74] *Id.* (citing *Wainwright v. Torna*, 455 U.S. 586 (1982) (where there is no constitutional right to counsel, there can be no deprivation of effective assistance)).

error that led to the late filing of his habeas appeal. But because Kent does not have a right to attorney in this proceeding, he must "bear the risk of attorney error that results in a procedural default."[75]

Furthermore, this situation does not qualify as "extraordinary circumstance" because the attorney negligence here was not egregious. *Holland* noted that for attorney error to qualify as an "extraordinary" circumstance, the facts must show more than "garden variety" attorney misconduct or "excusable neglect."[76] The *Holland* Court did, however, reject a strict interpretation from the lower court and recognized that unprofessional attorney conduct may, in certain circumstances, prove "egregious" and can be "extraordinary."[77] This case, however, does not qualify as "extraordinary," because Kent has not shown that his public defender's actions were "egregious" by the standard set forth in *Holland*. Spiert stated that he simply "lost track of Mr. Kent's case."[78] There was no deliberate disregard of communication with Kent. This conduct falls within the "excusable neglect" standard described in *Holland* and does not qualify as "extraordinary circumstances."

---

[75] *Coleman*, 501 U.S. at 753.

[76] *Holland*, 560 U.S. at 652.

[77] *Id.* at 651 (citing, *inter alia*, among others, *Baldayaque v. United States*, 338 F.3d 145, 152-53 (2nd Cir. 2003) (finding that where an attorney failed to perform an essential service, to communicate with the client, and to do basic legal research, tolling could, under the circumstances, be warranted); *Spitsyn v. Moore*, 345 F.3d 796, 800-02 (9th Cir. 2003) (finding that extraordinary circumstances may warrant tolling where lawyer denied client access to files, failed to prepare a petition, and did not respond to his client's communications)).

[78] ECF # 14 at 14 (Exhibit 2 at p. 2).

Because Kent has demonstrated neither due diligence nor "extraordinary circumstance," he is not eligible for equitable tolling and, therefore, this petition should be dismissed as untimely.

## Conclusion

Accordingly, for the reasons stated above, I recommend that John E. Kent's petition for habeas relief be dismissed as untimely.

Dated:  June 27, 2014                                    s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[79]

---

[79] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).