UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN E. KENT, | ) | CASE NO. 1:12 CV 1735 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| TERRY TIBBALS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. The Report and Recommendation (ECF #15), issued on June 27, 2014, is hereby ADOPTED. Petitioner raises five claims in his petition. The Magistrate Judge recommends that the petition be dismissed as untimely filed. The Petitioner timely filed his objections to the Magistrate's Report and Recommendation. (ECF #16).

This Court has reviewed Magistrate Judge Baughman, Jr's Report and Recommendation *de novo*, considering Petitioner's objection. *See* FED. R. CIV. P. 72(b). The Court finds that the statute of limitations began running on April 7, 2011, which was the date on which the judgment became final, and expired on April 7, 2012. Petitioner, however, filed his petition on July 5, 2012, close to three months after the statute of limitations ended.[1]

---

[1] Petitioner cannot establish any events that would have tolled the statute of limitations under 28 U.S.C. § 2244(d)(1)(B)-(D). There is no date Petitioner can cite on which some impediment to filing was removed by the state. Petitioner fails to cite a date on which a newly

1

Equitable tolling does not apply in Petitioner's case because he failed to show "that he pursued his 'rights vigilantly and some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). The diligence required for the first prong is "reasonable diligence." *Id.* at 653 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)). Here, Petitioner only sent one letter to the Office of the Ohio Public Defender requesting legal assistance, and made no further efforts following that letter. Moreover, the alleged failure of that office to respond does not constitute "extraordinary" circumstances in this case because a habeas petitioner has no constitutional right to counsel in a habeas proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). Further, even if there had been attorney negligence in the failure to file, the circumstances leading to the failure to timely file were not so egregious as to qualify the situation as an "extraordinary" circumstance. *Holland* stated that for there to be an "extraordinary" circumstance based on an attorney's error, the facts must show more than "garden variety" attorney misconduct or "excusable neglect ." *Holland*, 560 U.S. at 652. Here, Petitioner fails to show that his public defender's actions were "egregious" as required by *Holland*. Following a thorough evaluation of the record, this Court adopts the Magistrate Judge's findings of fact and conclusions of law as its own

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in

---

enacted constitutional right was created and made retroactive to cases on collateral review. Finally, Petitioner cannot cite a date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.

2

part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Magistrate Judge Baughman, Jr's Report and Recommendation accurately addresses all of the Petitioner's claims and Petitioner's objections are unwarranted. For the reasons set forth above, the Court ADOPTS the Magistrate's Report and Recommendation. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). .

IT IS SO ORDERED.

   /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 4, 2014